UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

SHELDON RUSSELL BROWN and
HANNAH BRITTANY BROWN,

      Plaintiffs,

v.                                CIVIL ACTION NO.  5:22-cv-00118

ASPLUNDH TREE EXPERT, LLC,
*a foreign Limited Liability Company*, and
LUKE MARTIN, *an individual*,

      Defendants.

### MEMORANDUM OPINION AND ORDER

On May 27, 2022, the Court entered a Show Cause Order directing Plaintiffs to show cause why this action should not be dismissed for lack of diversity jurisdiction. [Doc. 10]. On June 6, 2022, Plaintiffs filed a Motion to Voluntarily Dismiss Luke Martin as a Party. [Doc. 11]. Plaintiffs also responded to the Show Cause Order, asserting that Mr. Martin is not an indispensable party and, if Mr. Martin is dismissed, diversity jurisdiction would materialize. [Doc. 12].

*Federal Rule of Civil Procedure* 21 provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21; *see Koehler v. Dodwell,* 152 F.3d 304, 308 (4th Cir. 1998). Both the Supreme Court and our Court of Appeals have explained Rule 21 vests district courts "with authority to allow a dispensable nondiverse party to be dropped at any time." *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 832 (1989); *see Martinez v. Duke Energy Corp.*, 130 F. App'x 629, 636–37 (4th Cir. 2005). When adjudicating such motions,

> "the question always is, or should be, when objection is taken to the jurisdiction of the court by reason of the citizenship of some of the parties, whether . . . they are indispensable parties, for if their interests are severable and a decree without prejudice to their rights can be made, the jurisdiction of the court should be retained and the suit dismissed as to them."

*Martinez*, 130 F. App'x at 637 (quoting *Newman–Green*, 490 U.S. at 835).

Plaintiffs assert that Mr. Martin is a dispensable party. [Doc. 12 at 1–2]. Defendant Asplundh Tree Expert, LLC, has not objected to the characterization. Inasmuch as the parties do not urge otherwise, the Court accepts the *de facto* stipulation. Pursuant to Rule 21, the Court **GRANTS** Plaintiffs' Motion to Voluntarily Dismiss Luke Martin as a Party [**Doc. 11**]. The dismissal of Mr. Martin gives rise to complete diversity. The Show Cause Order [**Doc. 10**] is **DISCHARGED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: June 22, 2022

Frank W. Volk
United States District Judge