UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

SHELDON RUSSELL BROWN and
HANNAH BRITTANY BROWN,

      Plaintiffs,

v.                                        CIVIL ACTION NO.   5:22-cv-00118

ASPLUNDH TREE EXPERT, LLC,
*a foreign Limited Liability Company*,

      Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is Defendant Asplundh Tree Expert, LLC's Partial Motion to Dismiss [Doc. 5], filed April 15, 2022.

### I.

On March 4, 2022, Plaintiffs Sheldon Brown and Hannah Brown, West Virginia residents, instituted this action against Defendant Asplundh Tree Expert, LLC ("Asplundh"), a Pennsylvania limited liability company. Mr. Brown was an employee of Asplundh from the fall of 2019 until his termination in the spring of 2020. [Doc. 1 ¶¶ 6, 14–19].

In his Complaint, Mr. Brown alleges that prior to his alleged termination, he was working on a temporary project in California and invited his wife and child to visit and stay with him for the remainder of the project. [*Id.* ¶¶ 9–11]. During that trip, Luke Martin -- General Forearm for Asplundh -- asked Mr. Brown if he could have sexual relations with Ms. Brown -- Mr. Brown's wife -- which Mr. Brown refused. [*Id.* ¶¶ 4, 12, 20–21]. After this rejection, and while

traveling back to West Virginia from California after the completion of the project, Mr. and Ms. Brown were told they could not caravan with the rest of the crew and had to find alternative means of transportation back to West Virginia. [*Id.* ¶¶ 14–18]. Mr. Brown alleges that he notified Asplundh of Mr. Martin's inappropriate conduct but was later terminated for unauthorized use of a company vehicle. [*Id.* ¶¶ 19–21]. The Complaint asserts claims against Asplundh for (1) the tort of outrage, (2) termination of Mr. Brown in violation of public policy/retaliatory discharge, and (3) sexual harassment and creation of a hostile work environment as to Ms. Brown. [*Id.* ¶¶ 26–55].

On April 15, 2022, Asplundh filed a Partial Motion to Dismiss as to the sexual harassment/hostile work environment claim. [Doc. 5]. The claim alleges materially as follows: "During the course of *his* employment, Plaintiff *Hannah* Brown was exposed to sexually suggestive behavior and inappropriate solicitation from *his* supervisor, Defendant Martin." [*Id.* ¶ 38 (emphasis added)]. Asplundh asserts the only proper party for this West Virginia claim is an Asplundh employee, and Ms. Brown was never on staff. [Doc. 5 at 2]. Plaintiffs blame a scrivener's error, noting Mr. Brown was the intended complainant. [Doc. 7 at 3–4]. In reply, Asplundh asserts the claim should still be dismissed inasmuch as the Complaint "does not make clear that the allegations which make up their claim are based upon the alleged harassment of Sheldon Brown, as opposed to alleged harassment against Hannah Brown." [Doc. 9 at 2].

## II.

### A. *Governing Standard*

*Federal Rule of Civil Procedure* 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge

a complaint when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *overruled on other grounds*, *Twombly*, 550 U.S. at 562–63); *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions." *Twombly*, 550 U.S. at 558. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *McCleary-Evans*, 780 F.3d at 585; *Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008).

The complaint need not "forecast evidence sufficient to prove the elements of [a] claim," but it must "allege sufficient facts to establish those elements." *Wright v. North Carolina*, 787 F.3d 256, 270 (4th Cir. 2015); *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (internal quotation marks and citation omitted). Stated another way, the operative pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting the opening pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). In sum, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Court is required to "'accept as true all of the factual allegations contained in the complaint.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Twombly*, 550 U.S. at 555); *see also S.C. Dep't of Health & Env't Control v. Com. & Indus. Ins. Co.*, 372 F.3d 245, 255 (4th

3

Cir. 2004) (quoting *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002)). It must additionally "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Further, a court's evaluation of a motion to dismiss is "generally limited to a review of the allegations of the complaint itself." *Goines v. Valley Cmty. Serv. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016).

### B. Analysis

"To establish a claim for sexual harassment under the West Virginia Human Rights Act . . . based upon a hostile or abusive work environment, a plaintiff-employee must prove that (1) the subject conduct was unwelcome; (2) it was based on the sex of the plaintiff; (3) it was sufficiently severe or pervasive to alter the plaintiff's conditions of employment and create an abusive work environment; and (4) it was imputable on some factual basis to the employer." *Jones v. Martin Transport, Inc.*, No. CV 3:19-0373, 2020 WL 1802934, at *3 (S.D. W. Va. Apr. 8, 2020); Syl. Pt. 6, *Constellium Rolled Prod. Ravenswood, LLC v. Griffith*, 235 W. Va. 538, 775 S.E.2d 90, 93 (2015); Syl. Pt. 5, *CSX Transp., Inc. v. Smith*, 229 W. Va. 316, 320, 729 S.E.2d 151, 155 (2012); Syl. Pt. 5, *Hanlon v. Chambers*, 195 W.Va. 99, 103, 464 S.E.2d 741, 745 (1995).

Whether resulting from a drafting or other innocent error, Asplundh is correct that the subject claim hinges upon employment status. Although the balance of the material allegations state a cognizable claim under the West Virginia Human Rights Act, a corrective amendment to the operative pleading is necessary.

## IV.

Based upon the foregoing, the Court **GRANTS** in part Asplundh's Partial Motion to Dismiss [**Doc. 5**]. Plaintiffs are given leave, no later than July 15, 2022, to amend their Complaint consistent with the preceding discussion.

The Clerk is directed to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTER: June 27, 2022

Frank W. Volk
United States District Judge